IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALLAN ROBINSON<br>Plaintiff<br>vs<br>UNITED STATES OF AMERICA; U.S. DEPARTMENT OF VETERANS AFFAIRS and ROBERT WILKIE, in his official capacity as Secretary; RONALD JOHNSON, Director of VA Regional Office Puerto Rico; DANIEL MASSA; RAQUEL DE JESUS; REYNALDO REVERIA; JUAN GALUERA; MARIA SANTIAGO; HECTOR SANTIAGO; LOUISVILLE FIDUCIARY HUB; CUSTO-COOP, JANE DOES 1-5; JOHN DOES 1-6<br>Defendants | CIVIL 19-1394CCC |

**ORDER**

Plaintiff Alan Robinson filed a Complaint (d.e. 3) on April 26, 2019 against defendants the United States of America, the U.S. Department of Veterans Affairs, Robert Wilkie in his official capacity as Secretary, Ronald Johnson, Director of VA Regional Office Puerto Rico, Daniel Massa, Raquel de Jesús, Reynaldo Reveria, Juan Galuera, María Santiago, Héctor Santiago, Louisville Fiduciary HUB, Custo-Coop, Jane Does 1-5, and John Does 1-6.

Having reviewed the Complaint, the Court finds that it fails to properly assert federal jurisdiction. Plaintiff he alleges that the Court "has jurisdiction under 28 U.S.C. § 1332," the statute governing diversity jurisdiction. However, he fails to assert the citizenship of any parties, and it appears that both plaintiff

CIVIL 19-1394CCC                    2

and some defendants, such as the Director of VA Regional Office Puerto Rico, likely have citizenship in Puerto Rico. No federal statute or federal question is specifically identified and accompanied by sufficient allegations of a factual basis to support subject matter jurisdiction. In addition, it appears that some of his claims may be under the jurisdiction of the Court of Appeals for Veterans Claims, which has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals" under 38 U.S.C. § 7252.

In addition, the Complaint fails to identify or set forth the elements of any specific cause of action. Among other allegations, plaintiff claims defendant Daniel Massa subjected plaintiff to unlawful detention in violation of the Fourth Amendment of the United States Constitution, but plaintiff does not indicate the approximate date of this incident or any of the underlying facts demonstrating unlawful detention. Similarly, plaintiff alleges that defendant Daniel Massa took a short note plaintiff had written and that this was a violation of plaintiff's First Amendment rights. More factual allegations would be required to determine whether this is a violation of the First Amendment.

Plaintiff does not allege any violations of law by the other defendants with any specificity. The Complaint also appears to be missing a page, making it difficult to understand the allegations. The Complaint is "so vague and ambiguous" that defendants cannot reasonably prepare a response. F.R.C.P. 12(e).

CIVIL 19-1394CCC 3

Accordingly, the Court ORDERS that plaintiff file a more definite statement under F.R.C.P. 12(e) **BY OCTOBER 18, 2019, or the Complaint shall be dismissed**.  Plaintiffs must remedy the following defects:

1. The Complaint must identify the basis for either diversity jurisdiction or subject-matter jurisdiction.  Specifically, the Complaint must identify the citizenship for all parties to establish diversity citizenship, or, n the alternative, identify the specific statute or federal question upon which federal jurisdiction rests.

2. The Complaint must identify the specific cause of action brought against each defendant and assert sufficient facts to support each element pursuant to Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

3. The Complaint must identify the time and location of the events underlying each specific cause of action for the purpose of determining applicable statutes of limitation and venue.

SO ORDERED.

At San Juan, Puerto Rico, on September 13, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge